United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Hon. Denise Page Hood

v.

                                Case No. 20-cr-20373

D-1, Demarco Ritter,

        Defendant.

_____/

# Plea Agreement

*DR   JRP*
*DEMARCO RITTER*
~~Armani Poole~~

The United States of America and the defendant, ~~Armani Poole~~

have reached a plea agreement under Federal Rule of Criminal

Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

    The defendant will plead guilty to Count 1 of the Indictment

which charges the defendant with Unlawful Possession of a Firearm by

a Previously Convicted Felon under 18 U.S.C. §922(g).

## 2. Statutory Minimum and Maximum Penalties

    The defendant understands that the count to which he is pleading

guilty carries the following maximum statutory penalties:


GOVERNMENT EXHIBIT 1

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                 Hon. Denise Page Hood

v.

                                 Case No. 20-cr-20373

D-1, Demarco Ritter,

        Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, ~~Armani Poole~~ DEMARCO RITTER
have reached a plea agreement under Federal Rule of Criminal
Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will plead guilty to Count 1 of the Indictment
which charges the defendant with Unlawful Possession of a Firearm by
a Previously Convicted Felon under 18 U.S.C. §922(g).

**2.    Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading
guilty carries the following maximum statutory penalties:

Page **1** of **17**



| Count 1 | Term of imprisonment: | Up to 10 years in prison |
|---------|------------------------|---------------------------|
|         | Fine: | $250,000 |
|         | Term of supervised release: | Up to 3 years |
| Count 3 | Term of imprisonment: | Up to 5 years in prison |
|         | Fine: | $250,000 |
|         | Term of supervised release: | 2 years |

### 3. Elements of Count[s] of Conviction

The elements of Count 1 are:

1. That Defendant knowingly possessed a firearm.

2. That at the time of the possession, Defendant was aware that he had previously been convicted of a felony; and

3. That the firearm the defendant possessed was manufactured outside of the state of Michigan and , therefore, had previously travelled in interstate or foreign commerce.

The elements of Count 3 are:

1. The defendant knowingly possessed a controlled substance.

2. The controlled substance was marijuana.

3. At the time, he possessed the ~~controlled~~ substance, the

~~defendant intended~~ to deliver it to at least one other person.

## 4. Factual Basis

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

On August 12, 2020, Armani Poole, while driving her Jeep

Cherokee with Demarco Ritter as a passenger, arrived at a house on

Sprenger Ave. in Eastpointe, MI. The house at that time was under

investigation by United States Postal Inspectors and  DEA Agents.

When questioned by a law enforcement officer at the scene, Poole

advised that she had two handguns in her vehicle, one in the center

console of the vehicle and a second in her purse.   Poole also advised the

officers that she had a valid CPL permit, and the guns were returned to

her.

On August 20, 2020 Agents from the Bureau of Alcohol Tobacco

and Firearms executed a search warrant at Poole and Ritter's home in

Clinton Twp., MI.  Among other items seized from the house were the

two handguns that had been in Poole's Jeep on August 12, 2020.  *The*

guns, a Glock pistol, model 43, 9 mm serial #BGKR621 and a Smith and Wesson, Model M7P 40, 40 caliber serial #JEM1764, were both located in Poole and Ritter's bedroom, with ammunition that fit the firearms.

Also seized during the execution of the search warrant agents seized approximately 433 grams of marijuana, some of which was packaged individually for further distribution. Ritter knew he possessed the marijuana and intended to distribute it to at least one other person.

Prior to August 20, 2020, Demarco Ritter had previously been convicted of a felony offense, was aware that he had been so convicted and that he was prohibited from possessing firearms.

The firearms at issue in this case were manufactured outside of the state of Michigan and had previously traveled in interstate or foreign commerce.

**5.   Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

Page **4** of **17**

B.     The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 6.    Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of this conviction may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 7.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

## B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 2. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility

under USSG § 3E1.1, and will be free to argue that the defendant

receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Additional Factual Stipulations

The parties agree that the firearms at issue in this case were

manufactured outside of the state of Michigan and therefore had

previously traveled in interstate or foreign commerce.

### D.    Additional Stipulations

The parties understand and agree that the Defendant will request

that any custodial sentence imposed in this case run concurrent to the

sentence imposed in *United States v. Demarco* Ritter, case number 21-

20033, Cleland, J.  The United States does not oppose this request. The

parties understand that the request for concurrent time is not binding

on the Court, nor is the Court's final decision a basis on which either

party may withdraw from this agreement.

### D.    Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 7.B or

7.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraph 7.B or 7.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining the sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three -year term of supervised release.

## 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The

defendant understands that he will have no right to withdraw from this

agreement or withdraw his guilty plea if the Court decides not to follow

the parties' recommendation. The defendant also understands that the

government's recommendation concerning the length of the defendant's

sentence of imprisonment, as described above in paragraph 8.B.1, will

not apply to or limit any term of imprisonment that results from any

later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Special Assessment

The defendant understands that he will be required to pay a

special assessment of $100, due immediately upon sentencing.

## 9.    Appeal Waiver

The defendant waives any right he may have to appeal his

conviction on any grounds. If the defendant's sentence of imprisonment

does not exceed top of expected guideline range determined by the

Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 10.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel if the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c) if the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 11.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**12. Forfeiture**

Defendant agrees, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit any and all interest he has in all firearms and ammunition involved in or used in the commission of his offense including, but not limited to, the following:

- one (1) Glock pistol, model 43, 9 mm, serial number BGKR621Springfield;

- one (1) Smith and Wesson pistol, model M&P 40, 40 caliber, serial number JEM1764;

- six (6) boxes of 9 mm and .40 caliber ammunition; and,

- one (1) box containing 50 rounds of .38 special ammunition;

- one (1) SCCY magazine loaded with eleven (11) rounds of 9 mm   ammunition,

- one bullet resistant vest/garment

Defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agrees that the forfeiture order will become final as to defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearm(s) and ammunition referenced above.

Defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 12:00 noon on July 20, 2021. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Saima S. Mohsin
United States Attorney

Julie A. Beck
Chief, Drug Task Force Unit
Assistant United States
Attorney

John N. O'Brien II
Assistant United States
Attorney

Dated: 7/14/2021  /2/8/22

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

Todd Russell Perkins
Attorney for Defendant

Demarco Ritter
Defendant

Dated: 2/8/22